IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**JAMES CRANGLE and**
**TARA ROSE ALLEN ROONEY-CRANGLE,**

      **Plaintiffs,**

v.                                                                    Case No. 2:15-cv-14564

**STATE OF WEST VIRGINIA,**
**KANAWHA COUNTY and**
**BERKELEY COUNTY,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial screening under 28 U.S.C. § 1915A, and submission of proposed findings and a recommendation for disposition, pursuant 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On October 15, 2015, this Court received and docketed a document that was construed as a civil Complaint from James Crangle ("Crangle"), an inmate at the Eastern Regional Jail, which is located in Martinsburg, West Virginia. Crangle's document, which is purported to be filed on behalf of himself and his wife, Tara Rose Allen Rooney-Crangle ("Tara Rose"), appears to be titled as a "Federal Petition & Lawsuit: Emergency Federal Legal Petition for US BOR First Amendment Redress of Grievances – Hearing - Tortures Inflicted – Violations of US Constitutional Rights – US Disabled Rights – US Handicapped Rights – US Civil Rights & US Treaty Law Rights." (ECF No. 1). The

plaintiffs filed a Letter-Form Motion to Proceed *in forma pauperis* (ECF No. 3), but did not provide the necessary inmate account or other financial information for either plaintiff.[1]

Also pending before the Court are the following motions: "Emergency Legal Motion for Grantable Justified Relief and Remedies for Plaintiffs" (ECF No. 5), an "Emergency Legal Motion-Petition for Expedited Relief and Remedies" (ECF No. 8), an "Emergency Legal Motion for Summary Judgment of Liability and Culpability Against County and State Defendants for Negligence" (ECF No. 9) and a second "Emergency Legal Motion for Grantable Relief and Remedies for Disabled Couple" (ECF No. 10).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. This screening is generally done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[1] By separate Order, the undersigned has denied the Letter-Form Motion to Proceed *in forma pauperis* (or Without Prepayment of Fees and Costs) (ECF No. 3) without prejudice and directed that a new Application to Proceed Without Prepayment of Fees and Costs be completed by plaintiff Crangle if he seeks to pursue a claim for relief in this District Court.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, this leniency requirement does not permit the district court to serve as "de facto counsel for *pro se* litigants," or to re-write an otherwise deficient pleading. *See Hays v. Town of Gauley Bridge, W. Va.,* 474 F. App'x 930, 931 (4th Cir. 2012) (quoting *GJR Inv., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)).

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

\* \* \*

3

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 678-679. The *Iqbal* Court noted that Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

Because service of process has not occurred, a motion to dismiss has not been filed in this case. However, the standard set forth in 28 U.S.C. § 1915A is analogous to that of a motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal based upon the failure of the Complaint to state a claim upon which relief can be granted.

## **DISCUSSION**

The plaintiffs' documents are difficult to discern. They largely consist of repetitive recitations of legal authority with very little factual support. However, the undersigned has been able to derive the following information from the Complaint, as well as a review of the plaintiffs' criminal docket sheets and Indictment, and an opinion authored by the Honorable Frederick P. Stamp, United States District Judge, concerning a prior habeas corpus petition filed by Crangle in the United States District Court for the Northern District of West Virginia.[2]

---

[2] The habeas corpus petition was denied and dismissed without prejudice because Crangle had not exhausted the available state court remedies prior to filing that petition. *Crangle v. Gov't of W. Va.*, No. 5:13-cv-142, 2014 WL 970091, *3 (N.D. W. Va. Mar. 12, 2014).

4

Crangle is a pre-trial detainee, being held at the Eastern Regional Jail, on charges of kidnapping in violation of W. Va. Code § 61-2-14; non-aggravated robbery in violation of W. Va. Code § 61-2-12; conspiracy to kidnapping in violation of W. Va. Code § 61-10-31; and fleeing in vehicle in violation of W. Va. Code § 61-5-7(e). [Indictment, *State v. Crangle*, No. 14-F-61 (Berkeley Cty. Cir. Ct.); *see also Crangle v. Gov't of W. Va.*, No. 5:13-cv-142, 2014 WL 970091, *2 (N.D. W. Va. Mar. 12, 2014). In the same indictment, which was handed down on February 20, 2014, Tara Rose was charged with kidnapping in violation of W. Va. Code § 61-2-14; non-aggravated robbery in violation of W. Va. Code § 61-2-12; conspiracy to kidnapping in violation of W. Va. Code § 61-10-31; and misdemeanor credit card fraud in violation of W. Va. Code § 61-3-24a(b)(1). (Indictment, *State v. Allen*, No. 14-F-64 (Berkeley Cty. Cir. Ct.). The docket sheets from the Circuit Court of Berkeley County confirms that Crangle and Tara Rose's criminal proceedings are still pending.[3]

### A. Insufficiency of allegations in Complaint and motion documents.

The plaintiffs' Complaint and other documents filed herein address a litany of issues. The Complaint claims that Tara Rose has been "mistreated," "abused," "illegally interrogated with no Miranda rights provided," "coercively victim of inquisitions with no Esq. therein to counsel her." (ECF No. 1 at 1). The Complaint further appears to

---

[3] According to the envelopes in which the plaintiffs' documents have been mailed, and according to the West Virginia Regional Jail & Correctional Facility Authority's ("WVRJCFA") website, Crangle, who appears to be the author of, and sole signatory on, all of the documents, is incarcerated at the Eastern Regional Jail. However, the WVRJCFA website and Crangle's criminal docket sheet from the Circuit Court of Berkeley County list Crangle as "Kent J. Crangle." Furthermore, the habeas corpus petition filed in the Northern District of West Virginia listed Crangle's name as "J.K. Crangle."

Tara Rose's criminal docket sheet suggests that she is presently being held for evaluation at the William R. Sharpe Hospital in Weston, West Virginia.

summarily assert that the criminal charges brought against Crangle and Tara Rose are "false." (*Id.*)

On page 2 of the Complaint, Crangle appears to allege that, in February and the first week of March 2014, he was transported to Kanawha County, West Virginia, which is located in the Southern District of West Virginia, where he was allegedly subjected to "interrogations by police state, state contractors, state agents, prosecutor investigators, state detectives, state/county inspectors." (ECF No. 1 at 2). Crangle further alleges that these interrogations were "perpetrated by violent threats against Tara Rose" and that he was "forced to participate under interrogations with no Esqs or Tara Rose would be subjected to state institution lockdown and subjected to being assaulted, battered, drugged, raped, abused, and all her constitutional, legal and jury rights would be obliterated." (*Id.*) Crangle further contends that:

> During the time in Kanawha County, all my invocation of federal and US Constitutional rights to see and have Esq in the Miranda rights were obstructed by brutalities of the WV Police State: No telephone calls, no Esqs, no minister, no chaplain, no pastor, no calls to family, no Due Process, no Equal Protection, of Law, no rights & no fairness.
>
> Also, horribly all the food and beverages were contaminated with toxic chemicals – MCHM, PHP, TCE tetrachlorothynol & MIC methylisocitrate that thereby could not be consumed because toxic, deadly, tainted, destroys central nervous system, ruins internal organs, very harms vision, causing me blindness in one eye, deafness in one ear, vertigo, severe disequilibrium & wheelchair crippled physical & neuro injuries.

(*Id.*) Page 2 of the Complaint also appears to list the defendants in this matter as "State of West Virginia, including Kanawha County, State Lockdown Institutions, & Berkeley County Police State, Sheriff State, Corrupt Regime and Rigged Prosecution of Brutal Plea Extortions & Ex Parte Sessions." (*Id.*)

Beyond these conclusory statements, the Complaint contains no specific factual allegations and no specific claims for relief. The Complaint asserts that this Court has jurisdiction based on diversity of citizenship (Crangle claims that he and Tara Rose are citizens of Maryland and Virginia, although they were both in custody in West Virginia at the time this civil action was filed), and "federal issues jurisdiction." The Complaint then cites the following legal authority: "US Constitutional law matters," "US treaty law against all forms of torture," "US Disabled Americans Rights Law of 1991," "US Civil Rights Laws of 1964 amended & 1991)," "US Handicapped Rights [Illegible] Law of 1975," and "also by virtue of US Constitution Article VI Sec. 2 & Sec. 3 'Supreme Laws of the Law' legal jurisdiction involved and by virtue of the US Constitution XIV Amendment." (*Id.* at 1).

The plaintiffs' Emergency Legal Motions (ECF Nos. 5, 8, 9 and 10) again summarily recite various constitutional, statutory and common law bases upon which they seek relief, but provide little in the way of additional facts that would demonstrate any plausible claims for relief. In the "Emergency Motion for Grantable Justified Relief & Remedies for Plaintiffs" (ECF No. 5), the plaintiff appears to add general assertions about obstruction or tampering with mail delivery at the correctional facility. (*Id.* at 2). The motion further asserts, in conclusory fashion, that the plaintiffs were never provided with a preliminary hearing and have not been provided effective counsel. (*Id.*) They further appear to assert that they are each entitled to two attorneys to represent them in their "bogus capital case." (*Id.*)[4]

---

[4] By separate Order the undersigned has addressed the plaintiffs' "Letter-Form Motion for Appointment of Counsel and to Proceed Without Prepayment of Fees" (ECF No. 3), their "Legal Dire Emergency Motion for Urgent Appointment of Co-Counsel" (ECF No. 6) and their requests for appointment of counsel made in other documents filed herein.

7

The plaintiff's "Emergency Legal Motion-Petition for Expedited Relief & Remedies" (ECF No. 8) asserts that expedited relief and remedies are "justified by the BC/County and State WV causative & negligence that inflicted multiple pain & suffering, injuries, exhaustion, tortures, torments, over 55 illegal violent interrogations on couple without Miranda rights . . . ." (*Id.*)

To the extent that, by way of all of these documents, the plaintiffs are attempting to raise challenges directly related to their criminal prosecutions in the Circuit Court of Berkeley County, this Court lacks jurisdiction to consider such claims because Berkeley County is located within the jurisdiction of the United States District Court for the Northern District of West Virginia.

Moreover, both facilities where the plaintiffs are presently being held are located within the Northern District of West Virginia. Therefore, any claims related to their criminal prosecution or detention must be addressed, if at all, in that court. Therefore, the undersigned proposes that the presiding District Judge **FIND** that any claims made in the plaintiffs' documents arising out of their criminal prosecution and/or their confinement in facilities in the Northern District of West Virginia should be dismissed because this court lacks jurisdiction to consider the same.

However, to the extent that plaintiff Crangle has asserted that, in or around February-March of 2014, he was transported to Kanawha County and was allegedly beaten or subjected to other violence or abuse while being interrogated and/or held in custody in Kanawha County, he may be able to allege a plausible claim under the Fourteenth Amendment concerning that specific conduct or his conditions of confinement during the time he was in custody here. However, the present Complaint and motion documents do not state sufficient facts to give rise to such a claim, and would

8

be subject to dismissal on initial screening under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, as dictated by *Twombly* and *Iqbal*.

Nonetheless, in light of the fact that the plaintiffs are proceeding *pro se*, an opportunity to amend the Complaint to cure any deficiencies prior to a dismissal with prejudice should be given. *See Coleman v. Peyton*, 340 F.2d 603 (4th Cir. 1965) (holding that, if a pro se complaint contains a potentially cognizable claim, the plaintiff should be given an opportunity to particularize his allegations); *see also Curley v. Perry,* 246 F.3d 1278, 1281-82 (2001). Accordingly, by separate Order, the undersigned has addressed the proper pleading requirements under the Federal Rules of Civil Procedure and granted leave for the filing of an Amended Complaint in this matter.

**B. Dismissal of Tara Rose Allen Rooney-Crangle as a plaintiff.**

It is apparent from the Complaint and other documentation filed herein that Tara Rose has not signed any of the documents of record. Furthermore, she has not properly completed her own Application to Proceed Without Prepayment of Fees and Costs. Because the plaintiffs are proceeding without counsel, <u>both</u> of them must sign all pleadings and motions filed herein. Crangle, as a non-lawyer *pro se* litigant, cannot litigate this case on behalf of Tara Rose. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Warth v. Seldin,* 422 U.S. 490, 499 (1975) (stating that "a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties").

Furthermore, as addressed more fully herein, although the factual allegations contained in the documents of record are sparse, the Complaint appears to allege no

9

action or conduct concerning the treatment of Tara Rose that occurred within the jurisdiction of the United States District Court for the Southern District of West Virginia, or any action taken by a defendant who resides within this district. Thus, based upon these factors, the undersigned proposes that the presiding District Judge **FIND** that Tara Rose Allen Rooney-Crangle is not presently a proper party to this civil action, and that the Complaint fails to state a claim upon which relief can be granted by this federal court with regard to any claims asserted by or on behalf of Tara Rose Allen Rooney-Crangle.

### C. Denial of pending motions without prejudice.

The plaintiffs' Emergency Legal Motions (ECF Nos. 5, 8, 9 and 10) seek summary judgment in favor of the plaintiffs on an insufficient Complaint and an incomplete record. Service of process has not even occurred. In light of the fact that leave to file an Amended Complaint has been granted, the undersigned proposes that the presiding District Judge **FIND** that the plaintiffs' "Emergency Motion for Grantable Justified Relief & Remedies for Plaintiffs" (ECF No. 5), their "Emergency Legal Motion-Petition for Expedited Relief & Remedies" (ECF No. 8), their "Emergency Legal Motion for Summary Judgment" (ECF No. 9) and their "Emergency Legal Motion for Grantable Relief & Remedies" (ECF No. 10), and any additional requests for summary relief made in documents filed herein are premature.

### RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Tara Rose Allen Rooney-Crangle as a plaintiff herein and **DENY WITHOUT PREJUDICE** the plaintiffs' "Emergency Motion for Grantable Justified Relief & Remedies for Plaintiffs" (ECF No. 5), their "Emergency Legal Motion-Petition for Expedited Relief & Remedies" (ECF No. 8), their "Emergency Legal Motion

for Summary Judgment" (ECF No. 9) and their "Emergency Legal Motion for Grantable Relief & Remedies" (ECF No. 10).

The plaintiffs are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiffs.

<u>August 26, 2016</u>

Dwane L. Tinsley
United States Magistrate Judge