IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES CRANGLE, et al.,

          Plaintiffs,

v.                                      CIVIL ACTION NO.  2:15-cv-14564

STATE OF WEST VIRGINIA, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

      Before the Court is Plaintiff James Crangle's Complaint filed on behalf of himself and his wife, Tara Rose Allen Rooney-Crangle.  (ECF No. 1.)  By Standing Order entered May 7, 2014, and filed in this case on November 2, 2015, this action was referred to Magistrate Judge Dwane L. Tinsley for submission of Findings of Fact and Recommendations ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B).  The magistrate judge submitted his PF&R, (ECF No. 13), on August 26, 2016, recommending that this Court dismiss Tara Rose Allen Rooney-Crangle as a plaintiff and deny without prejudice Plaintiffs' "Emergency Motion for Grantable Justified Relief and Remedies," (ECF No. 5), "Emergency Legal Motion-Petition for Expedited Relief and Remedies," (ECF No. 8), "Emergency Legal Motion for Summary Judgment," (ECF No. 9), and "Emergency Legal Motion for Grantable Relief and Remedies."  (ECF No. 10.  *See* ECF No. 13.)

      The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations

1

to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Objections to the PF&R were due on September 12, 2016. Plaintiffs' objections were not filed until September 16, 2016. (ECF No. 15.) However, the postmark indicates the objections were mailed on September 12, 2016. (*Id.* at 7.) Given that Plaintiff James Crangle is pro se and was incarcerated at the time of mailing, the prisoner mailbox rule applies to make the objections timely. The issues are fully briefed and the matter is now ripe for the Court's consideration.

Plaintiffs' filing contains no real "objections." In addition maybe to reiterating some of the matters contained in the complaint and citing some general legal authority, the "objection" document does not appear intelligibly to relate to anything found within the PF&R. (*See generally id.*)

Plaintiff questions Magistrate Judge Tinsley's impartiality with cursory statements such as, "Mr. Tinsley is *not objective* . . . [and] appears to be obviously . . . very biased and prejudiced . . . as (a) prosecutor and/or (b) government lawyer for executive branch." (*See id.* at 1 (emphasis in original).) These statements are not specific and do not demonstrate judicial bias. *See, e.g.*, *NLRB v. Honaker Mills, Div. of Top Form Mills, Inc.*, 789 F.2d 262, 266–67 (4th Cir. 1986) (noting that some of the judge's remarks about which the plaintiff complained were "at least innocuous, and at most injudicious," but "[did] not rise to the level necessary to support the serious charge of judicial bias"). Further, to the extent that Plaintiff objects to the reference itself to the Magistrate Judge, that objection is clearly without merit under 28 U.S.C. § 636.

Ultimately, Plaintiff does not direct the Court to any specific portion of the PF&R to which he objects on behalf of himself and his wife. Thus, Plaintiffs' Objections are **OVERRULED**.

Therefore, the Court **OVERRULES** Plaintiffs' Objections and **ADOPTS** the PF&R. (ECF No. 13.) Accordingly, Tara Rose Allen Rooney-Crangle is **DISMISSED** as a plaintiff and the following motions are **DENIED WITHOUT PREJUDICE**: "Emergency Motion for Grantable Justified Relief and Remedies," (ECF No. 5), "Emergency Legal Motion-Petition for Expedited Relief and Remedies," (ECF No. 8), "Emergency Legal Motion for Summary Judgment," (ECF No. 9), and "Emergency Legal Motion for Grantable Relief and Remedies." (ECF No. 10.)

Plaintiff may still file an amended complaint by September 26, 2016, in accordance with Magistrate Judge Tinsley's Order and Notice issued August 26, 2016. (ECF No. 14 at 6–8.) Upon filing an amended complaint, Plaintiff must properly complete an Application to Proceed Without Prepayment of Fees and Costs signed by an authorized financial officer at the prison. The application attached to Plaintiff's objections filed on September 16, 2016, was deficient because it was not signed by an authorized officer.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 21, 2016

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE