# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON

**JAMES CRANGLE,**

    **Plaintiff,**

v.                                                                      Case No. 2:15-cv-14564

**STATE OF WEST VIRGINIA, et al,.**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to a Standing Order (ECF No. 4), this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On October 15, 2015, this Court received and docketed a document that was construed as a civil Complaint from James Crangle ("Crangle"), an inmate at the Eastern Regional Jail, which is located in Martinsburg, West Virginia. Crangle's document, which was purported to be filed on behalf of himself and his wife, Tara Rose Allen Rooney-Crangle ("Tara Rose"), was titled as a "Federal Petition & Lawsuit: Emergency Federal Legal Petition for US BOR First Amendment Redress of Grievances – Hearing - Tortures Inflicted – Violations of US Constitutional Rights – US Disabled Rights – US Handicapped Rights – US Civil Rights & US Treaty Law Rights." (ECF No. 1). The plaintiffs filed a Letter-Form Motion to Proceed *in forma pauperis* (ECF No. 3), but did

not provide the necessary inmate account or other financial information for either plaintiff.

On August 26, 2016, the undersigned submitted a "Proposed Findings and Recommendation" (ECF No. 13) (hereinafter "PF&R"), recommending that the presiding District Judge dismiss plaintiff Tara Rose Allen Rooney-Crangle ("Tara Rose") because there were no allegations in the Complaint alleging any conduct against Tara Rose that occurred within the Southern District of West Virginia, and further recommending that the presiding District Judge deny the plaintiff's requests for summary judgment.

By separate Order, also entered on August 26, 2016, the undersigned denied the plaintiff's Letter-Form Motion to Proceed *in forma pauperis* (or Without Prepayment of Fees and Costs) (ECF No. 3), without prejudice, and directed that a new Application to Proceed Without Prepayment of Fees and Costs be completed by plaintiff Crangle by **September 26, 2016**, if he sought to pursue a claim for relief in this District Court. The undersigned's August 26, 2016 Order further addressed the fact that the plaintiff's Complaint contained allegations concerning the plaintiff's criminal charges and treatment by law enforcement officials that arose in the Northern District of West Virginia, which are not actionable in this court. The Order further advised the plaintiff that the only claim or issue addressed in the Complaint that could be actionable in this court is plaintiff Crangle's claim that he was subjected to beatings or other abuse while in custody in Kanawha County, West Virginia. However, the plaintiff was further advised that those allegations were insufficiently pled in the Complaint.

The plaintiff was granted an opportunity to file an Amended Complaint seeking to cure the deficiencies in the initial Complaint. He was further notified that the failure to file an Amended Complaint by **September 26, 2016** would result in a recommendation

to the presiding District Judge that this matter be dismissed for failure to state a claim upon which relief can be granted.

The plaintiff objected to the PF&R. However, by Memorandum Opinion and Order dated September 12, 2016, the presiding District Judge overruled the plaintiff's objections, dismissed Tara Rose as a plaintiff herein, denied the plaintiff's requests for summary judgment, and further found that the plaintiff had not demonstrated judicial bias or that the referral of this matter to the undersigned United States Magistrate Judge was improper under federal law. (ECF No. 17).

On September 19, 2016, the plaintiff filed an "Emergency Motion" seeking the recusal or removal of the undersigned from further participation in this civil action. That motion has been denied by separate Order. The plaintiff did not comply with the undersigned's Order to file an Amended Complaint by September 26, 2016.

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(a) and (b). A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, the court may not re-write the pleading to develop the plaintiff's legal theories for him, *Small*

3

*v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50. This standard applies equally to the initial screening conducted under 28 U.S.C. § 1915A, where not Motion to Dismiss has been filed.

4

# ANALYSIS

The plaintiffs' Complaint addresses a litany of issues. The Complaint largely appears to summarily assert that the criminal charges brought against Crangle and Tara Rose in the Circuit Court of Berkeley County, West Virginia are "false" and that they have been unfairly treated by officials involved in that prosecution and by those involved in their pre-trial detention. (*Id.*) Claims related to these issues arose, if at all, in the Northern District of West Virginia.

On page 2 of the Complaint, however, Crangle appears to allege that, in February and the first week of March 2014, he was transported to Kanawha County, West Virginia, which is located in the Southern District of West Virginia, where he was allegedly subjected to "interrogations by police state, state contractors, state agents, prosecutor investigators, state detectives, state/county inspectors." (ECF No. 1 at 2). Crangle further alleges that these interrogations were "perpetrated by violent threats against Tara Rose" and that he was "forced to participate under interrogations with no Esqs or Tara Rose would be subjected to state institution lockdown and subjected to being assaulted, battered, drugged, raped, abused, and all her constitutional, legal and jury rights would be obliterated." (*Id.*) Crangle further contends that:

> During the time in Kanawha County, all my invocation of federal and US Constitutional rights to see and have Esq in the Miranda rights were obstructed by brutalities of the WV Police State: No telephone calls, no Esqs, no minister, no chaplain, no pastor, no calls to family, no Due Process, no Equal Protection, of Law, no rights & no fairness.
>
> Also, horribly all the food and beverages were contaminated with toxic chemicals – MCHM, PHP, TCE tetrachlorothynol & MIC methylisocitrate that thereby could not be consumed because toxic, deadly, tainted, destroys central nervous system, ruins internal organs, very harms vision, causing me blindness in one eye, deafness in one ear, vertigo, severe disequilibrium & wheelchair crippled physical & neuro injuries.

5

(*Id.*)  Page 2 of the Complaint also appears to list the defendants in this matter as "State of West Virginia, including Kanawha County, State Lockdown Institutions, & Berkeley County Police State, Sheriff State, Corrupt Regime and Rigged Prosecution of Brutal Plea Extortions & Ex Parte Sessions."  (*Id.*)

Beyond these conclusory statements, the Complaint contains no specific factual allegations, no identification of any individual persons who allegedly committed these acts, and no specific claims for relief.  The Complaint asserts that this Court has jurisdiction based on diversity of citizenship (Crangle claims that he and Tara Rose are citizens of Maryland and Virginia, although they were both in custody in West Virginia at the time this civil action was filed), and "federal issues jurisdiction."  The Complaint then cites the following legal authority: "US Constitutional law matters," "US treaty law against all forms of torture," "US Disabled Americans Rights Law of 1991," "US Civil Rights Laws of 1964 amended & 1991)," "US Handicapped Rights [Illegible] Law of 1975," and "also by virtue of US Constitution Article VI Sec. 2 & Sec. 3 'Supreme Laws of the Law' legal jurisdiction involved and by virtue of the US Constitution XIV Amendment."  (*Id.* at 1).

To the extent that the Complaint raises challenges directly related to the plaintiff's criminal prosecution in the Circuit Court of Berkeley County, this Court lacks jurisdiction to consider such claims because Berkeley County is located within the jurisdiction of the United States District Court for the Northern District of West Virginia.  Moreover, the facilities where the plaintiff was and is presently being held is located within the Northern District of West Virginia.  Therefore, any claims related to the plaintiff's criminal prosecution or detention must be addressed, if at all, in that court.  Therefore, the undersigned proposes that the presiding District Judge **FIND** that any claims made in the plaintiff arising out of his criminal prosecution and/or confinement in facilities in the

6

Northern District of West Virginia should be dismissed because this court lacks jurisdiction to consider the same.

However, to the extent that the Complaint asserts that, in or around February-March of 2014, the plaintiff was transported to Kanawha County and was allegedly beaten or subjected to other violence or abuse while being interrogated and/or held in custody in Kanawha County, the plaintiff was advised that he might be able to allege a plausible claim under the Fourteenth Amendment concerning that specific conduct or his conditions of confinement during the time he was in custody here. However, the as stated in the undersigned's previous Order and PF&R, the Complaint does not state sufficient facts to give rise to such a claim. The undersigned granted plaintiff leave to file an Amended Complaint in an attempt to correct the deficiencies in the initial Complaint. Nonetheless, he failed to file any Amended Complaint and, thus, he has failed to correct the deficiencies contained in the original Complaint.

Thus, the undersigned proposes that the presiding District Judge **FIND** that the initial Complaint, upon which this matter is proceeding, fails to state a claim upon which relief can be granted and is subject to dismissal under 28 U.S.C. § 1915A and the dictates of *Twombly* and *Iqbal*.

Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the

part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

The defendants have not been served with process in this matter because the plaintiff has not paid the applicable filing fee, filed the appropriate paperwork to enable the court to determine whether he may proceed *in forma pauperis*, or filed an Amended Complaint as directed by the court. Thus, the delay in the progress of this matter is entirely on the plaintiff and dismissal without prejudice appears to be the appropriate result.[1] Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the plaintiff failed to comply with the undersigned's Order to file an Amended Complaint.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter, without prejudice, for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A, and for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

---

[1] The plaintiff's "Emergency Motion" (ECF No. 16), which has been denied by separate Order, appears to request a "continuance" of this action for one year and, again, requests that the court appoint two lawyers to represent him and his wife, who is no longer a plaintiff herein. However, the plaintiff has previously been advised that there is no right to counsel in a civil action such as this and that he has not demonstrated circumstances warranting this court to find counsel to represent him. This fact, coupled with the plaintiff's failure to comply with the undersigned's Order to file an Amended Complaint, compels the denial of the plaintiff's request for a continuance in order to appoint counsel.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

<u>May 24, 2017</u>

Dwane L. Tinsley
United States Magistrate Judge